## WILLIAM MAYFIELD v. F. M. CRAWFORD.

**Instructions—Libel and Slander—Actionable Words.**

In an action for slander, where the words alleged to have been spoken, were proved by some of the witnesses, the court did not err, in instructing the jury that if they believed from the evidence that appellant spoke the words charged in the petition of and concerning appellee, they must find for him.

**Same.**

And an instruction asked by appellee was properly refused, that sought to withdraw from the consideration of the jury the testimony of witnesses who proved the speaking of the words, and which directed the attention of the jury to the witnesses who heard the words spoken with accompanying explanations.

### APPEAL FROM LEWIS CIRCUIT COURT.

February 17, 1869.

### OPINION OF THE COURT BY JUDGE PETERS:

The particular words contained in the first instruction given on motion of appellee were alleged in the petition to have been spoken by appellant of and concerning him, they imputed an act of a criminal nature, and were, therefore, actionable, and they were proved by some of the witnesses as alleged, without any qualifying, or explanatory words accompanying them, the circuit court did not, therefore, err in giving the first instruction as asked by appellee. It was nothing more than to tell the jury if they believed from the evidence that appellant spoke the words charged in the petition of and concerning appellee they must find for him.

Nor did the court below err in refusing to give instructions 1 and 5, asked by appellant, these instructions ignored, or withdrew from the consideration of the jury the testimony of the witnesses who proved the speaking of the words as said, without the explanatory, and exculpatory words proved by other witnesses, and directed the attention of the jury exclusively to the testimony of the witnesses who heard the words spoken with the accompanying explanation, which the law would not authorize. They were asked

with a view to exonerate appellant wholly from all responsibility for speaking the words, and not to mitigate the offense of speaking them, and diminishing the damages. The third instruction given at the instance of appellant authorized the jury to consider all the mitigating facts, and circumstances proved to lessen the degree of responsibility and control the verdict.

After a careful consideration of the case we have been unable to find any available error ·for a reversal. Wherefore, the judgment is *affirmed*.

*Throop, for appellant.*

*Phister, Thomas, for appellee.*